UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAMION DAVIS,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>GEORGE J. GUIRBINO, Warden,<br><br>　　　　　Respondent. | No. CV 06-7315 VBF (FFM)<br><br>ORDER ADOPTING IN PART AND REJECTING IN PART FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE, REJECTING RECOMMENDATION, AND ORDERING JUDGMENT DENYING PETITION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire record in this action, the attached Report and Recommendation of United States Magistrate Judge ("R&R"), and the objections thereto. Good cause appearing, and after having made a de novo determination of the portions to which objections were directed, the Court concurs with and adopts the findings of fact and conclusions of law contained in the R&R, except for Sections V.C. and V.D. of the R&R. As stated below, the Court declines to adopt Sections V.C. and V.D. of the R&R, and therefore declines to adopt the recommendation that the Petition be conditionally granted. In the place of Section V.C. and V.D. of the R&R, the Court adopts the following analysis:

Petitioner is entitled to relief only if the sentencing error in his case was not harmless. *See Washington v. Recuenco*, 548 U.S. 212 (2006). Under that standard, the Court must grant relief if it is in "grave doubt" as to whether a jury would have found

1  the relevant aggravating factor beyond a reasonable doubt. *O'Neal v. McAninch*, 513
2  U.S. 432, 436 (1995). Grave doubt exists when, "in the judge's mind, the matter is so
3  evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the
4  error." *Id.* at 435. "[T]o determine whether an *Apprendi* error was harmless [the court]
5  must examine the whole record . . .," including evidence presented at sentencing
6  proceedings. *Butler v. Curry*, 528 F.3d 624, 651 (9th Cir. 2008). But the court may not
7  "consider new admissions made at sentencing in [the] harmless error inquiry . . . ." *Id.* at
8  648 (internal quotation marks omitted).

Thus, the Court must determine whether a jury would have found beyond a reasonable doubt that petitioner was on parole at the time he committed the burglary at issue herein. The Court finds that it is not in grave doubt that the jury would have found this aggravating factor beyond a reasonable doubt.

The probation report was submitted during the sentencing proceedings. The first page of the probation report indicates via a checked box that petitioner was on parole on the date of the offense. The report reiterates, in the "Sentencing Considerations" section, that petitioner was on parole when the offense at issue was committed. No evidence was submitted that would contradict the statements made in the probation report.

The R&R determines that the probation report was ambiguous based on the lack of other information in the probation report, including when petitioner was released on parole, how much time petitioner was required to serve (despite space provided for that information), and a specific cite to the conviction for which petitioner was on parole. However, this Court does not read any ambiguity into the probation report regarding question of whether petitioner was on parole on the date of the offense – the probation report unequivocally states that petitioner was on parole at the time of the offense, and does not include any statements to the contrary.

In sum, the Court finds that a reasonable jury, relying on the probation report, would have found beyond a reasonable doubt that petitioner was on parole at the time he

committed the burglary at issue.  Therefore, the trial court's sentencing error was harmless.

IT IS ORDERED that judgment be entered denying the Petition and dismissing this action with prejudice.

DATED:  4-26-11

_Valerie Baker Fairbank_
VALERIE BAKER FAIRBANK
United States District Judge